UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

February 16, 2018

## LETTER MEMORANDUM

Re: *Barbara A. Williams v. Davidson, et al.*
<u>Civil Action No. 16-8339 (ES) (JAD)</u>

Dear Parties:

Pending before the Court is Defendants' partial motion to dismiss *pro se* Plaintiff's Amended Complaint. (D.E. No. 18). For the following reasons, Defendants' motion is GRANTED. As set forth in the Court's accompanying Order, Plaintiff may file an amended pleading within sixty days to cure the deficiencies identified below.

*Organizational Defendants*. In Defendants' previous motion for a more definite statement, Defendants informed Plaintiff and the Court that "[t]here is no such entity as I.B.E.W. Local 604 System Council 7." (D.E. No. 3-1 at 2). Defendants explained:

- The International Brotherhood of Electrical Workers ("IBEW") is "a national labor organization and the duly authorized bargaining representative under the Railway Labor Act . . . for persons employed by New Jersey Transit Rail Operations ('NJTRO') as electricians." (*Id.*).

- IBEW System Council No. 7 (the "System Council") "is a subordinate body of the IBEW with responsibility for negotiating and administering collective bargaining agreements with various railroads throughout the country that employ IBEW members, including NJTRO, through dealings with railroad labor relations officers." (*Id.*).

- IBEW Local No. 604 (the "Local") "is a subordinate body of the IBEW and an affiliate of the System Council responsible for administering collective bargaining agreements at the local level with local management officials. The Local is comprised of members of the IBEW who work at NJTRO." (*Id.*).

The Hon. Joseph A. Dickson, U.S.M.J., granted in part Defendants' motion for a more definite statement and directed Plaintiff to identify the specific defendants she is suing. (D.E. No. 10). Plaintiff filed an Amended Complaint (D.E. No. 16), but again named I.B.E.W. Local 604 System Council 7 as the only organizational defendant.

That said, in her opposition (a one-page cover letter with exhibit) to Defendants' partial motion to dismiss, Plaintiff appears to clarify that she intends to sue IBEW Local No. 604 and IBEW System Council No. 7. (D.E. No. 19). Defendants' reply brief confirms this. (*See* D.E. No. 20) ("Plaintiff now seems to have stated that she is suing IBEW Local 604 and IBEW System Council No. 7.").

Accordingly, the Court will permit Plaintiff to amend her pleading and confirm that these are the organizational defendants she is suing.

*Individual Defendants*. Defendants argue that Plaintiff's claims against the Individual Defendants[1] must be dismissed because Title VII does not provide for individual liability. (D.E. No. 23 at 2). The Court agrees. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (holding that individual employees cannot be held liable under Title VII). The Court will dismiss these claims *with prejudice*.

*Administrative Exhaustion*. Plaintiff filed a charge of discrimination with the EEOC on June 30, 2016. (D.E. No. 19, Ex. A). Defendants argue that, under Title VII's administrative-exhaustion provisions, Plaintiff cannot sue Defendants for conduct that occurred before January 2, 2016, i.e., 180 days before she filed the charge of discrimination. (D.E. No. 18-1 at 3-4; D.E. No. 20 at 2). Plaintiff does not respond to this argument. (*See generally* D.E. No. 19).

The Court agrees with Defendants. Accordingly, Plaintiff may amend her pleading to include only claims involving conduct that occurred after January 2, 2016. In doing so, Plaintiff shall comply with the Court's April 6, 2017 Order and "specifically identif[y] any documents that Plaintiff is seeking to incorporate into her pleading by reference." (D.E. No. 10).

\*   \*   \*

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED. Plaintiff's Title VII claims against the Individual Defendants and Plaintiff's claims involving conduct that occurred before January 2, 2016 are DISMISSED *with prejudice*. Plaintiff may amend her pleading within sixty days to address the deficiencies identified in this Letter Memorandum.

An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] The Individual Defendants are Arthur J. Davidson, Steven R. Corrado, John Woloszczak, III, and Thomas Earl.